**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 16-61218-CIV-DIMITROULEAS/SNOW**

Cabot East Broward 2 LLC and
Cabot East Broward 34 LLC, individually
and on behalf of all others similarly situated,

        Plaintiffs,

v.

Carlton P. Cabot, Timothy J. Kroll,
Cabot Investment Properties, LLC,
Cabot East Broward LeaseCo, LLC,
Cabot North Orange LeaseCo, LLC,
Cabot Oak Grove Asset Manager, LLC,
Cabot Trafalgar/Avion LeaseCo, LLC,
Cabot Cypress Creek LeaseCo, LLC,
Cabot North University LeaseCo, LLC,
CBRE, Inc., Gloria Hernandez,
and Harry L. Silverman,

        Defendants.

**ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF PARTIAL SETTLEMENT; SETTING FINAL APPROVAL HEARING**

       The above-entitled matter came before the Court on Plaintiffs' Motion for Preliminary Approval of Partial Settlement ("Motion for Preliminary Approval") [DE 212], filed on April 9, 2018.  The Court is otherwise fully advised in the premises.

**I.      Preliminary Approval of the Settlement**

       1.  Based upon the Court's review of the Plaintiffs' Memorandum of Law in Support of the Motion for Preliminary Approval, and all other papers submitted in connection with Plaintiffs' Motion for Preliminary Approval, the Court grants preliminary approval of the settlement memorialized in the terms of the Amended and Superseding Voluntary Dismissal and

Settlement Agreement with Defendant Harry L. Silverman ("Silverman") attached to the Motion at [DE 212-1] (the "Settlement Agreement"); and so orders all of its terms.

2.    Preliminary approval, which is what Plaintiffs seek here, is the first step in the settlement approval process.  It allows notice to issue to the class and for Class Members to object, opt-out or file a claim form to participate in the settlement.  After the notice period, the Court will be able to evaluate the settlement with the benefit of the Class Members' input. *Newberg on Class Actions* at § 11.25 ("If the preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness or other obvious deficiencies ... and appears to fall within the range of possible approval, the court should direct that" notice issue and should schedule a final approval hearing.") (citation omitted.).

3.    Preliminary approval of a settlement agreement requires only an "initial evaluation" of the fairness of the proposed settlement on the basis of the written submissions.  *Clark,* 2009 WL 6615729, at *3 (citations omitted).   "A proposed settlement should be preliminarily approved if it is 'within the range of possible approval' or, in other words, [if] there is 'probable cause' to notify the class of the proposed settlement."  *Fresco v. Auto Data Direct, Inc*., 2007 WL 2330895, at *7 (S.D. Fla. May 14, 2007) (internal quotation omitted).

4.    Here, the Court concludes that the proposed Settlement Agreement is within the range of possible final settlement approval, such that notice to the class is appropriate.

5.    The Court finds that the Settlement Agreement is the result of extensive, arms-length negotiations by counsel well-versed in class actions and complex litigation.  "Clearly, [such] settlements, especially in class actions, are to be encouraged."  *Florida Power Corp. v. Granlund*, 82 F.R.D. 690, 693 (M.D. Fla. 1979).

## II.      Notice

6.      The Court approves the Proposed Notice of Partial Settlement attached to the

Motion at [DE 212-2] (the "Settlement Notice"); and directs its distribution to the Class via first

class certified mail.

7.      The content of the Settlement Notice fully complies with due process and Federal

Rule of Civil Procedure 23.

## III.      Timetable for Final Approval of Settlement Agreement

8.       The Court hereby adopts the settlement procedure:

(1) Class Counsel shall mail the Settlement Notice to all Class members within five (5)
days after this Court's Order preliminarily approving the Settlement Agreement and
Settlement Notice;

(2) The final approval hearing shall be held on **Friday, June 1, 2018 at 2:00 p.m.** for the
purposes of determining whether the settlement is fair, reasonable and adequate, whether it is
in the best interests of the Settlement Class, and whether it should be approved by the Court.
The final approval hearing will take place before the Honorable William P. Dimitrouleas in
Courtroom 205B at the United States District Courthouse, 299 E. Broward Boulevard, Fort
Lauderdale, Florida. ("Final Approval Hearing");

(3) Objections to the Settlement Agreement, if any, shall be filed with the Court and
served on Class Counsel and counsel for Silverman within thirty (30) days after
the Settlement Notice is mailed to the Class;

(4) Class Counsel's responses to objections must be filed with the Court and served on
opposing counsel at least ten (10) days prior to the Final Approval Hearing; and

(5) Class Counsel shall cause affidavits or declarations to be filed by the person(s) under
whose general direction the mailing of the Settlement Notice was made at least
ten (10) days prior to the Final Approval Hearing.

 **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this

10th day of April, 2018.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of record