UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-61218-CIV-DIMITROULEAS/SNOW

Cabot East Broward 2 LLC and
Cabot East Broward 34 LLC, individually
and on behalf of all others similarly situated,

    Plaintiffs,

v.

Carlton P. Cabot, Timothy J. Kroll,
Cabot Investment Properties, LLC,
Cabot East Broward LeaseCo, LLC,
Cabot North Orange LeaseCo, LLC,
Cabot Oak Grove Asset Manager, LLC,
Cabot Trafalgar/Avion LeaseCo, LLC,
Cabot Cypress Creek LeaseCo, LLC,
Cabot North University LeaseCo, LLC,
CBRE, Inc., and Gloria Hernandez,

    Defendants.

**ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF SETTLEMENT, AND SETTING FINAL APPROVAL HEARING**

This matter came before the Court on Plaintiffs' Motion for Preliminary Approval of Settlement With Defendants CBRE, Inc. and Gloria Hernandez and Supporting Memorandum of Law ("Motion for Preliminary Approval") [DE 288]. The Court has carefully considered the Motion is otherwise fully advised in the premises.

    **A.**    **Preliminary Approval of the Settlement**

    1.    Based upon the Court's review of Plaintiffs' Motion for Preliminary Approval and the exhibits filed in connection therewith, the Court grants preliminary approval of the settlement memorialized in the Settlement Agreement with Defendants CBRE and Hernandez [DE 288-1] and so orders all of its terms (the "Settlement").

- 1 -

2. What Plaintiffs seek here – preliminary approval of a proposed settlement – is the first step in the approval process. It allows Class Counsel to send notice of the settlement to the Class and gives Class Members the opportunity to object to the settlement if they are so inclined. Following the specified notice period, the Court will then be able to evaluate the settlement with the benefit of the Class Members' input. *See* Fed. R. Civ. P. 23(e).

3. On a request for preliminary approval, the Court must make an initial evaluation of the fairness of the proposed settlement on the basis of written submissions. The request for preliminary approval should be granted if the proposed settlement is determined to be "'within the range of possible approval' or, in other words, [if] there is 'probable cause' to notify the class of the proposed settlement." *Fresco v. Auto Data Direct, Inc.*, 2007 WL 2330895, at *5 (S.D. Fla. May 14, 2007) (citation omitted). These requirements are met where "the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies[,] and the settlement falls within the range of reason." *In re Checking Acct. Overdraft Litig.*, 275 F.R.D. 654, 661 (S.D. Fla. 2011) (citations omitted).

4. Here, the proposed Settlement calls for CBRE to pay a total of $100 million – which equates to 71.6% of the Class' claimed compensatory damages – in full satisfaction of the claims asserted against CBRE and its former employee Hernandez. The Court concludes that the Settlement is within the range of possible approval, such that notice to the Class is appropriate.

5. In particular, the Court finds that the Settlement was the result of extensive, arms-length negotiations by counsel well-versed in class actions and other complex litigation, with the assistance of an experienced, neutral mediator, Brian F. Spector, Esq. The Settlement also came late in the litigation, after the close of extensive fact and expert discovery, the filing of motions for summary judgment, rulings on motions to exclude certain expert testimony, and two all-day

mediation sessions. The parties, thus, had ample time and information to properly evaluate the merits of the case and weigh the benefits of the proposed Settlement against proceeding to trial.

6. The Court further finds that the Settlement has no obvious deficiencies, does not improperly grant preferential treatment to the Class Representatives, and is well within the range of reason.

**B.  Preliminary Approval of the Proposed Plan of Allocation**

7. Based upon the Court's review of Plaintiffs' Motion for Preliminary Approval and the exhibits filed in connection therewith, the Court also grants preliminary approval of Class Counsel's proposed plan of allocating the settlement proceeds among the Class Members.

8. To assist the Plaintiffs and the Class in evaluating their compensatory damages, Class Counsel engaged the services of two independent experts – Ronald A. Oxtal, MAI and Patrick F. Gannon, CPA, ABV, CFF, CVA. With the aid of Mr. Oxtal's cash flow analyses and appraisals, Mr. Gannon quantified the economic damages attributable to the embezzlement at issue in the case on a property-by-property basis. He concluded that the losses sustained by some properties were greater than others because the amounts embezzled from each property differed and the properties themselves are different.

9. Class Counsel proposes to use Mr. Oxtal's and Mr. Gannon's damage calculations as the basis for allocating settlement proceeds among Class Members. They propose that upon final approval of the Settlement, a formal claims process would be established through which individual Class Members may obtain a pro-rata share of the settlement proceeds in accordance with their respective ownership interests and the losses sustained by their properties, with pro-rata deductions for attorneys' fees, costs, and any incentive awards.

10. The Court finds this proposed method of allocation to be a fair and equitable way to allocate settlement proceeds among the Class Members, as it recognizes that the losses sustained by some properties as a result of the embezzlement were determined by independent experts to be greater than others.

### C. Approval of the Proposed Notice of Settlement and Method of Delivery

11. The Court approves the proposed Notice of Settlement in Class Action and Hearing [DE 288-2] (the "Settlement Notice").  The form and content of the Settlement Notice fully comply with due process and Federal Rule of Civil Procedure 23.

12. The Court further approves Class Counsel's proposed method of delivery and directs the distribution of the Settlement Notice to the Class via first-class certified mail.

### D. Approval of City National Bank of Florida as Escrow Agent

13. The Settlement Agreement calls for Class Counsel, CBRE, and a banking institution approved to serve as Escrow Agent to enter into an Escrow Agreement pursuant to which an Escrow Account will be established as a "qualified settlement fund" to receive and maintain the Settlement Amount and any interest earned thereon for the benefit of the Class. The Agreement also requires those funds to be maintained exclusively in instruments or accounts backed by the full faith and credit of the U.S. Government or fully insured by the U.S. Government or an agency thereof, such as the Federal Deposit Insurance Corporation ("FDIC").

14. The Court approves City National Bank of Florida to serve as Escrow Agent and maintain the Escrow Account in which the settlement proceeds will be held, in accordance with the proposal submitted by City National Bank of Florida and filed with the Court [DE 288-3].

### E.  Timetable and Procedure for Final Approval of the Settlement

15. The Court adopts the following timetable and procedure for final approval of the proposed Settlement and related matters:

(a) Within 3 days after this Court's Order preliminarily approving the Settlement, Class Counsel shall send the Settlement Notice to all Class Members;

(b) Within 15 days after this Court's Order preliminarily approving the Settlement, Class Counsel shall file a motion for final approval of the Settlement along with an application for attorneys' fees, reimbursement of costs, and incentive awards for the Class Representatives;

(c) Objections to the settlement and/or the application for attorneys' fees, costs, and incentive awards shall be due 30 days prior to the final approval hearing;

(d) Class Counsel's responses to objections, if any, shall be filed at least 7 days prior to the final approval hearing;

(e) Class Counsel shall also cause affidavits or declarations to be filed by the person(s) under whose general direction the mailing of the Settlement Notice was made at least 7 days prior to the final approval hearing; and

(f) The final approval hearing shall be held on **Friday, November 9, 2018 at 10:30 a.m.** for purposes of determining whether the proposed Settlement and plan of allocation is fair, reasonable, and adequate, and should be approved, and, if so, the sums which Class Counsel should be granted in attorneys' fees and costs, and what the Class Representatives should receive as incentive awards. The final approval hearing will take place before the Honorable William P. Dimitrouleas in Courtroom 205B at the United States District Court for the Southern District of Florida Courthouse, 299 East Broward Blvd., Ft. Lauderdale, Florida 33301.

**DONE AND ORDERED**, in Chambers in Fort Lauderdale, Broward County, Florida this 23rd day of August, 2018.

*[signature]*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of Record